# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **RELNA JAMES DeVRIES and KATHRYN LEE DeVRIES,** | **No. 13-41591-JDP** |
| **Debtors.** | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Paul Ross, Idaho Bankruptcy Law, Paul, Idaho, Attorney for Debtors Relna and Kathryn DeVries.

    Kathleen A. McCallister, Chapter 13 Trustee, Boise, Idaho.

### *Introduction*

    Chapter 13[1] trustee Kathleen McCallister ("Trustee") objected to the proof of claim ("POC") filed on behalf of the Internal Revenue Service

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, and all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

("IRS") by Debtors Relna and Kathryn DeVries ("Debtors"). Dkt. No. 52. Debtors responded to the objection. Dkt. No. 53. On March 16, 2015, the Court conducted a hearing at which the parties appeared and presented their arguments. At the conclusion of the hearing, the Court took the issues under advisement. This Memorandum of Decision constitutes the Court's findings of fact, conclusions of law, and decision concerning the issues. Rules 7052; 9014.

*Facts*

Debtors filed a chapter 13 petition on December 27, 2013. Dkt. No. 1. Deadlines for filing proofs of claim by creditors, including governmental units, were established. Dkt. No. 12. The deadline for the IRS to file a POC for tax debts was June 25, 2014. *Id*. The IRS filed a timely POC for taxes owed by Debtors for tax years 2011 and 2012 on February 10, 2014. Claims Reg. No. 2.

Debtors filed their 2013 tax returns in April 2014; the returns showed that Debtors owed $84 to the Idaho Tax Commission ("ITC"), and $1,021 to the IRS. *See* Dkt No. 53. Debtors' amended chapter 13 plan was

MEMORANDUM OF DECISION – 2

confirmed on May 19, 2014.  Dkt. No. 37.  The plan provided that all allowed claims for taxes should be paid in full.

The following day, the ITC filed a POC for the $84 due for 2013. Claims Reg. No. 11.  The IRS did not file a POC for the 2013 taxes.  In light of this, on July 13, 2014, Debtors filed a POC on behalf of the IRS for the $1,021 in 2013 taxes owed to it.  Claims Reg. No. 12; Dkt. No. 55.  Trustee objected to this POC.

*Analysis and Disposition*

A.    The Parties' Arguments

Section § 501(a) provides that a creditor may file a POC in a bankruptcy case.  However, under § 501(c), "[i]f a creditor does not timely file a [POC], the debtor or the trustee may file a [POC]."  *See also* Rule 3004 (providing that if a creditor does not timely file a POC, "the debtor . . . may file a proof of claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) . . . .").  In this case, the deadline for the IRS to file a POC was June 25, 2014.  Dkt. No. 12.  Debtors had filed their 2013 tax return in April 2014, before this deadline expired, but the IRS did

MEMORANDUM OF DECISION – 3

not timely file an amended POC to include the 2013 taxes. Within 30 days of the expiration of the deadline, Debtors filed a POC on behalf of the IRS for the 2013 taxes.

The parties disagreed at the hearing about whether the claim as stated in Debtors' POC on behalf of the IRS should be allowed and paid through their confirmed chapter 13 plan. Trustee's objection is based upon § 1305(a)(1), which governs the filing and allowance of postpetition claims, and provides, in relevant part, that "[a] proof of claim may be filed by any entity that holds a claim against the debtor . . . for taxes that become payable to a governmental unit while the case is pending." Trustee contends that because Debtors' 2013 taxes became payable during the pendency of the bankruptcy case, under the language of § 1305, only the IRS as the "entity that holds [the] claim" was authorized to file the POC, and thus Debtors' attempt to file it was inappropriate.

In contrast, Debtors cite to § 502(i), a provision dealing with the treatment of certain tax claims in bankruptcy cases. It provides that:

A claim that does not arise until after the commencement of

MEMORANDUM OF DECISION – 4

> the case for a tax entitled to priority under section 507(a)(8) of this title shall be determined, and shall be allowed under subsection (a), (b), or (c) of this section, or disallowed under subsection (d) or (e) of this section, the same as if such claim had arisen before the date of the filing of the petition.

§ 502(i). Debtors insist that while § 1305(a)(1) generally grants only creditors the right to file a POC for a postpetition tax claim, the more specific of the statutes, § 502(i), provides that certain types of tax debts that arise postpetition are to be treated as though they were prepetition claims. To Debtors, § 502(i), when considered in combination with § 502(c), authorized them to file the POC on behalf of the IRS for the 2013 tax debts in this case.

B.   The Application of § 502(i) and § 1305(a)

As noted above, § 1305 permits some postpetition debts to be paid through a chapter 13 plan under certain circumstances. As a general rule, however, a debtor may not force a postpetition creditor into having its claim paid through the plan. Rather, postpetition debts "may be offered for inclusion only by the creditor to whom the debt is owed." *In re Walsh*, 89 IBCR 63, 63 (Bankr. D. Idaho 1987); *see also In re Rhodes*, 95 IBCR 17

MEMORANDUM OF DECISION – 5

(Bankr. D. Idaho 1995) ("There is no authority in the Code granting a debtor the right to force an entity with a postpetition claim to file under section 1305."); *In re Zook*, 93 IBCR 86 (D. Idaho 1993) (reversing the bankruptcy court and holding that a chapter 13 debtor does not have the right to file a postpetition claim on behalf of the IRS for income tax obligations becoming due postpetition); *In re Bradley*, 87 IBCR 314, 315 (Bankr. D. Idaho 1987) ("A Chapter 13 plan may provide for postpetition claims under § 1305 only if a [POC] is filed by the holder of the claim.")

Section § 502(i) sets forth an exception to the general rule provided in § 1305(a). Subsection (i) mandates that a postpetition claim entitled to priority under § 507(a)(8) be treated as if it were a prepetition claim. Section 507(a)(8), in turn, affords priority to claims for income taxes if the date the applicable tax return was required to be filed falls within three years before the petition date. § 507(a)(8)(A)(i)[2]; *see also In re Jones*, 420 B.R.

---

[2] The Code bestows priority for payment on unsecured claims of governmental units if the claim is for "(A) a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition — (i) for which a return, if required, is last due, including extensions,

MEMORANDUM OF DECISION – 6

506, 510 (9th Cir. BAP 2009) *aff'd on other grounds*, 657 F.3d 921 (9th Cir. 2011). *In re Jones* was a Ninth Circuit BAP decision primarily concerned with whether the three year period in § 507(a)(8)(A)(i) should be suspended, an issue not raised in this case. However, in its analysis of that issue, the BAP explained:

> The use of the word "applicable" [in § 507(a)(8)(A)(i)] limits the tax to a pre-petition tax, because only a tax for which the return is due to be filed during the subject period may fall within the three-year lookback period under Section 507(a)(8)(A)(i). An income tax obligation for which the return is due post-petition (here, also post-confirmation) does not meet the priority definition contained in Section 507(a)(8)(A)(i). A post-petition tax is not "capable or suitable" to invoke priority status under Section 507(a)(8)(A)(i) and therefore cannot fall within "an applicable time period" as contemplated by the unnumbered paragraph.
> The income tax at issue, for the 2002 tax year, was due (based on an extension granted by the [taxing authority]) on October 15, 2003. Debtor's [prior bankruptcy case] was filed on July 22, 2002. The three-year lookback period in the [prior bankruptcy case] is July 22, 1999 to July 22, 2002. Thus, in the [prior bankruptcy case], the 2002 income taxes would be given priority status under Section 507(a)(8)(A)(i) only if the return recognizing liability for such taxes was required to be filed

---

after three years before the date of the filing of the petition[.]"

MEMORANDUM OF DECISION – 7

> between July 22, 1999 and July 22, 2002.  Since Debtor's 2002 income tax return was due on October 15, 2003, the 2002 income taxes did not fall within the three-year lookback period.

*Id*. at 510.

As in *In re Jones*, Debtors' 2013 federal income tax return was not required to be filed until April 15, 2014, or in other words, after the date they filed their bankruptcy petition.  Thus, giving a fair reading to § 507(a)(8)(A)(i), and applying the logic in *In re Jones*, Debtors' 2013 taxes would not be entitled to priority in their bankruptcy case under § 507(a)(8)(A)(i).  As a result, the POC they filed for the IRS would not be treated, effectively, as a prepetition claim under § 502(i).  Instead, Debtors' debt for their 2013 federal income taxes was, for purposes of § 1305(a), a postpetition claim, and therefore, only the creditor (*i.e.,* the IRS) could properly file a POC for that claim.

Moreover, even if Debtors' 2013 taxes qualified for treatment under § 502(i), the interplay of that statute and § 1305(a) must be considered.  The Ninth Circuit did so in *Joye v. Franchise Tax Bd. (In re Joye)*, 578 F.3d 1070

MEMORANDUM OF DECISION – 8

(9th Cir. 2009).

In *In re Joye*, the debtors filed a chapter 13 petition on March 7, 2001. They listed their estimated 2000 income tax liability on their bankruptcy schedules. The California Franchise Tax Board ("CFTB") was given notice of the bankruptcy filing, but did not file a proof of claim before the claims bar date. Thereafter, debtors filed their 2000 tax returns, which showed they owed $18,000 more in taxes than they had estimated. After debtors completed their plan payments and received a discharge, CFTB attempted to collect the 2000 tax debt, to which debtors objected. The Ninth Circuit considered differing judicial opinions of the definition of the term "payable,"[3] and ultimately held that "taxes become 'payable' for purposes of section 1305(a)(1) when they are capable of being paid." *Id*. at 1077. In

---

[3] The Fifth Circuit held that "payable" means "not only '[c]apable of being paid' but also 'justly due' and 'legally enforceable.'" *United States v. Ripley (In re Ripley)*, 926 F.2d 440, 444 (5th Cir. 1991) (*quoting* BLACK'S LAW DICTIONARY 1128 (6th ed. 1990)). On the other hand, the Tenth Circuit's Bankruptcy Appellate Panel construed the term "payable" to mean "the last permissible time to pay [one's taxes] before the [given taxing authority] can commence forcible collection activities." *Dixon v. IRS (In re Dixon)*, 218 B.R. 150, 152 (10th Cir. BAP 1998).

MEMORANDUM OF DECISION – 9

California, personal income taxes are calculated based on income earned "for each taxable year," which is defined as a calendar year. The panel stated:

> Thus, the Joyes could have technically determined and paid their year 2000 taxes on the day after the close of the corresponding calendar year. Although the Joyes were not required to pay these taxes until April 15, 2001 (or at the latest October 15, 2001), their tax liability to the state for the year 2000 was nonetheless capable of being paid, and thus payable, as of January 1, 2001.

*Id*. at 1077. Because the Joyes' tax liability was capable of being paid prior to March 7, 2001, when they filed their petition, their 2000 taxes did not "*become payable* to a governmental unit while the case [was] pending," and therefore, did not give rise to a postpetition claim under § 1305(a)(1). *Id*. at 1076-77 (emphasis added).

In the course of determining when a tax becomes payable, the *In re Joye* panel considered the interplay between §§ 1305(a)(1) and 502(i), and observed:

> Like section 1305(a)(1), section 502(i) of the Code also addresses tax claims held by governmental entities. . . .

MEMORANDUM OF DECISION – 10

> Reconciling section 502(i) with section 1305(a)(1), Collier on Bankruptcy concludes that the "taxes covered by [section 502(i)] are those which are *incurred* prepetition that do not come due until after the petition is filed. If a tax is *incurred* postpetition, it can be treated . . . only as a postpetition claim under section 1305." 8 COLLIER ON BANKRUPTCY ¶ 1300.71[10] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.)

*In re Joye*, 578 F.3d at 1076 (emphasis and parentheticals in original); *see also In re Hotel Nevada Corp.*, 75 B.R. 174, 176 (Bankr. D. Nev. 1987) ("In accordance with the weight of authority, this Court is persuaded that section 502(i) was intended to deal with situations where a tax is incurred prior to the filing of the petition but is not assessed or payable until after the petition has been filed. Since the taxes and fees owing the Board and Commission were incurred after the filing date, they are entitled to administrative [*i.e., postpetition*] status.")

Given the *In re Joye* § 502(i) / § 1305(a)(1) analysis, this Court must consider when income taxes are "incurred" for purposes of the Code. The Ninth Circuit considered this question in *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1299-1300 (9th Cir. 1995) and stated "[w]e are persuaded that

MEMORANDUM OF DECISION – 11

. . . Congress intended for a tax on income to be considered 'incurred' on the last day of the income period." Because personal federal income taxes are generally assessed by the calendar year, Debtors' 2013 taxes were "incurred" at midnight on December 31. *See* 26 U.S.C. § 441; *Sec. Flour Mills Co. v. Comm'r of Internal Revenue*, 321 U.S. 281, 283-84 (1944) *(*the Internal Revenue Code "declares the general rule that the taxpayer's annual accounting period shall be the fiscal year or calendar year, depending upon the method of accounting regularly employed, provided such method clearly reflects income.")

Extending the lessons of *In re Joye* and *In re Pacific-Atlantic Trading Co.* to the case at bar, it appears that Debtors' 2013 federal income taxes were both incurred and became payable after they filed their bankruptcy petition; as a result, the taxes fell within the scope of § 1305(a)(1). As discussed above, § 1305(a) only permits a POC to be filed by the creditor that holds the claim. Thus, Debtors here could not file a POC on behalf of the IRS and thereby force its payment through their confirmed plan.

MEMORANDUM OF DECISION – 12

*Conclusion*

Because § 502(i) does not apply to the tax debt at issue here, and because § 1305(a)(1) grants the right to file a POC for postpetition taxes solely to the creditor – in this case, the IRS – Trustee's objection to Debtors' POC filed on behalf of the IRS will be sustained, and the Debtors' POC will be disallowed.

Dated:  April 28, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 13